ISRAEL MILLER v. JACOB KENIGSBERG AND WILLIAM. WINKLER.

No. 525. (57 Pac. 246.)

PROMISSORY NOTE—*Maker and Guarantor—Evidence.* Where a stranger indorsing for the purpose of guaranteeing the payment of a promissory note, through mistake or inadvertence, places his name upon the face of the paper, below that of the maker and surety, the holder of the note may, for the purpose of holding the surety upon his original undertaking, show the facts in relation thereto by oral evidence.

Error from Brown district court; R. M. EMERY, judge. Opinion filed May 10, 1899. Affirmed.

*F. M. Pearl, Means & Smith,* and *Glen Sherman,* for plaintiff in error.

*Sample F. Newlon,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : Jacob Kenigsberg brought his action in justice's court against L. B. Winkler, Israel Miller and Wm.Winkler upon the following promissory note, which he filed as a bill of particulars :

"$120.00.      HIAWATHA, KANSAS, March 2, 1891.

"Eleven months after date we promise to pay to the order of A. H. Winkler at the Morrill & Janes Bank, Hiawatha, Kansas, one hundred and twenty dollars, for value received, negotiable and payable without defalcation or discount and with interest at the rate of ten per cent. per annum from date until paid. Interest payable annually.   L. B. WINKLER.

ISRAEL MILLER.

WM. WINKLER."

The defendants Winkler made no defense.   The defendant Miller filed an answer setting up that the note had been materially altered without his knowledge or consent since the execution and delivery thereof, in this, that the name of Wm. Winkler had been added as a joint maker.   A trial was had in justice's court which resulted in a judgment for plaintiff.   The defendant Miller appealed and a trial was had in the district court upon the pleadings filed in the justice's court.   The court found the issues in favor of the plaintiff and rendered judgment against Miller for the amount due on the note, with interest and costs.   Miller filed a motion for a new trial which was overruled, and presents the case to this court for review, alleging error in the proceedings of the trial court.

The plaintiff in error contends that the court erred

in admitting incompetent testimony. He fails to point out any incompetent testimony which was admitted over his objection. The defendant made but three objections to the plaintiff's testimony at the trial; two of these were sustained; the third objection was based upon the ground "that the question was leading," and was properly overruled. The record does not support his contention upon this proposition.

The contention is made that the court erred in permitting plaintiff below to vary, by oral testimony, the legal effect of the note. The note on its face showed that Wm. Winkler signed in the capacity of joint maker, yet the plaintiff was permitted to show by oral testimony a contract of guaranty. The principal facts in this case are that on March 2, 1891, L. B. Winkler executed and delivered to A. H. Winkler his promissory note, with Israel Miller as surety; A. H. Winkler, the payee, applied, for the purpose of selling the note, to Kenigsberg, who, after an inspection of the note, stated that he was not acquainted with Israel Miller; that he would buy the note if it was indorsed by some one with whom he was acquainted. The parties then talked with Wm. Winkler about the note and about Miller. Wm. Winkler stated that he was acquainted with Miller, that he was good, and that he, Wm. Winkler, would indorse the note. Thereupon, for the purpose of becoming an indorser, he placed his name upon the face of the note, below that of the makers; the payee then sold and transferred the note to the plaintiff. Every material alteration of a written contract, by a party to it, will discharge a party to such contract who does not authorize or consent to the alteration. The addition of the name of another maker to a note appears to be regarded as a material alteration,

such as to discharge the original parties who do not consent thereto, although the contract of an indorser is an independent undertaking, which nowise affects the liability of that of the makers of the paper. The position which the name occupies upon the note is the only indication that he signed as a maker or surety; the evidence all tends to show that he signed the note as an indorser or guarantor. Neither of these contracts affects the original undertaking of the makers or sureties; the contract of guarantor and that of indorser are each independent undertakings.

Of course, if this note had passed into the hands of an innocent purchaser for value, Wm. Winkler might not be allowed to show that his contract was other than that of a maker, but, as between the parties to this action, no reason is apparent why his actual undertaking should not be disclosed. Miller seeks to avoid his contract by reason of a material alteration. We see no good reason why the plaintiff should not be permitted to show that Winkler's name was placed on the face of the note through a mistake or inadvertence as that of an indorser or guarantor. Oral evidence for the purpose of showing the real facts, as against the apparent, is not changing or varying the terms of a written contract, but is merely showing that which is real as against a shadow, an appearance. All textwriters on the subject state as a conclusion that an indorsement may be made on the face of the instrument, even under that of the maker; now, it is apparent that if the indorser sign on the face of the paper, his undertaking must be made to appear by oral evidence, for the position of the name would indicate some other character of contract. An examination of the authorities leads to the conclusion that, as between the parties to a promissory note, where no

innocent purchaser intervenes, the form of the instrument is not conclusive, but parol evidence is admissible to show the actual relations of the parties to the paper and to each other.

The judgment is supported by the law and the evidence; the court properly overruled the motion for a new trial.

The judgment is affirmed.